## Case No. 12,567.

### SCUDDER v. THOMAS.

[35 Ga. 364.]

Circuit Court, D. Georgia.    April 16, 1868.

NOTES — FAILURE OF CONSIDERATION — LOAN OF CONFEDERATE MONEY.

A note given for the loan of Confederate money was illegal, without consideration, and void; so, also, was a note or duebill given in renewal of such original note.

Assumpsit [by John Scudder against Joseph A. Thomas] for the recovery of four thousand five hundred dollars, on a duebill, of which the following is a copy: "Burke County, March 3, 1866. Due John Scudder the sum of four thousand five hundred dollars, for value received, with interest from January 11th, 1866. (Signed) Joseph A. Thomas."

To the declaration defendant pleaded the general issue, and a special plea that the said duebill, or promissory note, was without consideration, inasmuch as it was given in settlement and renewal of a note, the consideration of which was the loan of treasury notes issued by the so-called Confederate States, which were issued contrary to law and were of no value.

To this plea, plaintiff replied that on the

16th of April, 1862, defendant borrowed of him seven thousand five hundred dollars in Confederate treasury notes, to secure the payment of which he gave his promissory note for said sum, with interest, and· that at that time these treasury notes were of great value. That on the 3d day of March, 1866, plaintiff held the said note for seventy-five hundred dollars, and also a promissory note made by one Robert Thomas, for five hundred dollars, and that in compromise, and in consideration of the surrender of these two notes, defendant gave his duebill or promissory note for forty-five hundred dollars, now sued on. To this replication defendant demurred.

Mr. Guerard, for plaintiff.
Mr. Lloyd, for defendant.

ERSKINE, District Judge. The promissory note given by the defendant to the plaintiff, April 16, 1862, for the loan of treasury notes issued by the so-called Confederate States, was without consideration and void, the contract being illegal in its inception. And the duebill made March 3, 1866, and delivered to the plaintiff in compromise and settlement of the original note, and the further supposed consideration of the surrender to the defendant of the note of Robert Thomas, inherits the taint of the note of April, 1862, and is likewise invalid. For when a contract, in whole or in part only, grows immediately out of, and is connected with, an illegal transaction, notwithstanding it may be a new contract, it is equally contaminated. This case falls directly within the principle of Toler v. Armstrong [Case No. 14,078], and the Case of Milner (lately decided in the United States district court, Northern district of Georgia) 35 Ga. 330. The demurrer must be sustained. Judgment, nil capiat.